**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY O'NEAL JONES,

Defendant - Appellant.

No. 25-6204
(D.C. Nos. 5:25-CV-00417-HE & 5:22-CR-00345-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Cory Jones, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255

motion. Because he fails to establish that reasonable jurists could debate the district

court's ruling, we deny a COA and dismiss this matter.

Jones pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1) by possessing

firearms as a felon. The plea agreement expressed the parties' mutual understanding that

Jones "should receive" an acceptance-of-responsibility reduction to his offense level

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Jones's pro se filings, we do not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

under the United States Sentencing Guidelines (the Guidelines), R. vol. 1, 76, but it otherwise left the parties free to advocate for or against other sentencing considerations. The district court ultimately imposed an upward variance, as urged by the government, and imposed the statutory maximum sentence of 120 months' imprisonment and three years of supervised release. On direct appeal, we rejected Jones's substantive-reasonableness challenge to his sentence. *See United States v. Jones*, No. 23-6051, 2024 WL 1249660, at *1–2 (10th Cir. Mar. 25, 2024) (unpublished).

Jones then filed a § 2255 motion to vacate his sentence, primarily alleging that the government breached the plea agreement and that his counsel was ineffective. The district court found that none of Jones's arguments carried weight and denied relief. It also denied Jones a COA.

Jones now seeks a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). In practice, this means "showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When, as here, the district court denies relief on the merits, the applicant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

Jones has not met his burden. His opening brief and COA application repeat many of the same points he raised before the district court, but he neither argues nor shows that the district court's assessment of his constitutional claims was debatable or wrong. For instance, he repeatedly frames his ineffectiveness claims around the theory that counsel failed to adequately convey the government's withdrawal from the plea agreement prior to sentencing, but that is simply not what occurred. The record demonstrates that the government never withdrew from the plea agreement; it merely sought an upward variance at sentencing. And as the district court noted, doing so was permissible under the plea agreement, which "did not include any agreement by the government to seek only an in-[G]uidelines sentence." R. vol. 1, 195 (cleaned up). Jones's conclusory statements about counsel's purported failure "to provide competent advice . . . or pursu[e] alternative resolutions" do no more to convince us of any room for debate in the district court's ruling. Aplt. Br. 4.

We therefore deny the COA request and dismiss this matter. But we grant Jones's motion to proceed in forma pauperis.

Entered for the Court


Nancy L. Moritz
Circuit Judge